**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-1977

ALEXANDER GARCIA,

      Plaintiff,

v.

PHIL WAKEN, in his individual capacity,
CHRISTOPHER LONG, Adams County Sheriffs Deputy, in his individual capacity,
SCOTT DOW, Adams County Sheriffs Deputy, in his individual capacity,
COOPER CRAMBLET, Adams County Sheriffs Deputy, in his individual capacity,
CYNTHIA HILL, Adams County Sheriffs Deputy, in her individual capacity,
KYLE SWING, Adams County Sheriffs Deputy, in his individual capacity
MATTHEW MARQUEZ, Adams County Sheriffs Detective, in his individual capacity,
ROBERT HANNAH, Adams County Sheriffs Sergeant, in his/her individual capacity,
JOHN DOE, in his/her individual capacity.

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

      For his Complaint and Jury Demand, Alexander Garcia, through his counsel, Luke W. McConnell, of The Law Office of Luke McConnell, L.L.C., and Marshall C. Breit, of Mulligan Breit, L.L.C., alleges as follows:

## I. INTRODUCTION

      This case is brought pursuant to 42 U.S.C. § 1983 for the use of unreasonable force, malicious prosecution, the filing of a constitutionally defective affidavit in support of a warrantless arrest, and for injuries stemming from two incidents occurring inside the Adams County Detention Facility ("ACDF") located in Brighton, Colorado and in violation

1

of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## II.  PARTIES

1.    Plaintiff Alexander Garcia currently resides at the Sterling Correctional Facility, located at 12101 Highway 61, Sterling, CO 80751.

2.    At all times relevant to the Complaint Defendants Christopher Long, Scott Dow, Cooper Cramblet, Kyle Swing, and Cynthia Hill, were Deputies with the Adams County Sheriff's Department.

3.    At all times relevant to the Complaint Defendant Matthew Marquez was a Detective with the Adams County Sheriff's Department assigned to ACDF.

4.    At all times relevant to the Complaint Defendants Phil Waken and Robert Hannah were Sergeants with the Adams County Sheriff's Department.

5.    In doing the things complained of herein Defendants were acting under color of state law.

6.    In doing the things complained of herein Defendants deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States.

## III.  JURISDICTION AND VENUE

7.    Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and

(2). All of the events alleged herein occurred within the State of Colorado and all of the

parties were residents of the State at the time of the events giving rise to this complaint.

9.    Plaintiff Garcia has complied with all administrative, jurisdictional, and legal

prerequisites to the filing of this action.

### IV. GENERAL ALLEGATIONS

10.   For the time period relevant to this case, Mr. Garcia was an inmate at ACDF;

he was booked into the jail on April 13, 2015 and remained there for the time period

relevant to this case. At all times relevant to this case, Mr. Garcia was not serving a

sentence at ACDF, but was being held on pre-trial matters.

**Unreasonable and Unconstitutional Use of Force**

11.   While an inmate at ACDF, Mr. Garcia was subjected to the unreasonable use

of physical force by officers, and suffered injury, on two separate occasions as set forth

with more particularity below.

A.    May 27, 2015 Incident

12.   On May 27, 2015, Mr. Garcia was being housed in Pod 3 within the B-

Module at ACDF.

13.   Around 11:40 am, in response to requests Mr. Garcia was making from

behind the locked Pod 3 door, deputies let Mr. Garcia out of Pod 3 and into an area

called the Sally Port, which is an area between the six pods of B Module. There is a

surveillance camera located in the Sally Port, which recorded what happened, albeit

without audio. The video has been filed along with this complaint. (Attachment A).

14. Mr. Garcia still had the use of the wheelchair prescribed by ACDF medical staff, and he was sitting in his wheelchair when he moved from inside Pod 3 into the B-Module Sally Port.

15. Once in the Sally Port, Mr. Garcia requested that he be seen by the mental health professionals at ACDF. Seated in his wheelchair, Mr. Garcia speaks first with Deputy Scott Dow and then Deputy Christopher Long steps forward to speak with Mr. Garcia.

16. While Mr. Garcia was seated in his wheelchair with his hands in his lap, holding some papers he had with him, Deputy Long lunged at Mr. Garcia without provocation, simultaneously grabbing Mr. Garcia's left forearm and slamming his right hand down onto Mr. Garcia's left neck and shoulder area.

17. Deputy Long then forcibly pulled Mr. Garcia from his wheelchair.

18. After Mr. Garcia was pulled from his wheelchair by Deputy Long, Deputy Dow and Deputy Cooper Cramblet also became physical with Mr. Garcia. All three deputies assaulted Mr. Garcia and together brought Mr. Garcia to the ground by force.

19. Additional deputies arrived in the Sally Port in response to the incident.

20. During the assault, Mr. Garcia's knee was dislocated and he was threatened by two officers who had pressed their tasers against his body.

21. Mr. Garcia's hands were cuffed behind his back, and he was carried limb-by-limb to a holding cell because he couldn't walk on his dislocated knee. Mr. Garcia was the only person inside the holding cell.

22. Sergeant Phil Waken ordered that Mr. Garcia's handcuffs remain on inside the holding cell and that he be left in a prone position (i.e. laying on his stomach).

23. Mr. Garcia was left alone in the holding cell, face down on his stomach with very tight handcuffs behind his back, for approximately two hours and forty minutes. Mr. Garcia urinated on himself while in the holding cell and suffered injuries due to the tightness of the handcuffs on his wrists and the position he was left in on the floor.

24. There is also a video camera in the holding cell where Mr. Garcia was placed, which, upon information and belief, was working and recording at all times relevant to this case. However, although surveillance footage was preserved from several other areas of the jail where the events of May 27, 2015 took place, including another holding cell, the footage from Mr. Garcia's holding cell was not preserved, but destroyed.

25. Upon information and belief, the footage from May 27, 2015 of Mr. Garcia in the holding cell which was destroyed by Defendants was unfavorable to the Defendants and was willfully destroyed by them.

B.      October 29, 2015 Assault

26. After returning from court on October 29, 2015, seven inmates, including Mr. Garcia, were gathered in the sally port of B-Module at ACDF. The inmates were conversing while waiting to be let into their various housing pods.

27. Deputy Cynthia Hill entered the sally port, swearing and screaming for everyone to "shut the fuck up." She repeated this demand in the same unnecessarily vulgar language.

28. Mr. Garcia was conversing with another inmate, which Deputy Hill apparently did not approve of, and Deputy Hill punched Mr. Garcia in the arm as he was faced away from her.

29. After Deputy Hill assaulted Mr. Garcia, Deputy Kyle Swing and Sergeant Robert Hannah rushed into the sally port and also assaulted Mr. Garcia. Mr. Garcia was slammed against the wall causing him pain, especially to his wounded right knee.

30. Mr. Garcia was forcibly handcuffed and taken to a holding cell.

**Malicious Prosecution and Unconstitutional Affidavit in Support of Warrantless Arrest**

31. Mr. Garcia was charged with crimes associated with the events of May 27, 2015.

32. Defendant Mathew Marquez, as the detective within the jail, was in charge of deciding who should be charged with crimes stemming from the events of May 27, 2015.

33. Defendant Marquez authored a sworn affidavit in support of Mr. Garcia's warrantless arrest on two charges ("Affidavit"); namely, two separate counts of Second Degree Assault on a Police Officer, in violation of C.R.S. §18-3-203(1)(f) and §18-3-203(1)(c).

34. Defendant Marquez acted either knowingly, or with reckless disregard for the truth, when he included false information and omitted materials facts in the affidavit in support of Mr. Garcia's warrantless arrest.

35. Defendant Marquez had access to all video surveillance that had captured the events of May 27, 2015, and he collected and reviewed video footage before he

wrote the Affidavit. Defendant Marquez also had access to the supplemental reports that had been written by the many officers involved in the events of May 27, 2015, which he also reviewed before writing his Affidavit.

36.  Defendant Marquez did not conduct any follow up investigation, despite the fact that supplemental reports from separate officers described the same events in different ways, and furthermore, several supplemental reports described events in a manner contradicted by the video evidence.

37.  Although Detective Marquez had as much time as he needed to conduct follow up investigation, and compare the materials available to him, he chose to submit an affidavit the next day, on May 28, 2015, which consisted almost entirely of a copy and paste of one paragraph from the supplemental report written by Defendant Dow.

38.  Defendant Marquez's affidavit in support of Plaintiff's warrantless arrest was unconstitutional in numerous respects, including, but not limited to the following:

 a.  The Affidavit does not state that Mr. Garcia had been prescribed the use of wheelchair by ACDF medical staff, and was seated in that wheelchair with his hands in his lap when he was attacked by Defendant Long. The word wheelchair never appears in the Affidavit.

 b.  The Affidavit does not describe that Mr. Garcia was forcibly pulled out of his wheelchair.

 c.  The Affidavit was misleading in describing that "Deputy Long attempted to place handcuffs on [Mr. Garcia]." The video shows a

much different initiation of the physical contact between Defendant Long and Mr. Garcia as described above.

d. The Affidavit states that Mr. Garcia punched Defendant Long in the face three times; however, a review of the video would have showed that this never occurred. Furthermore, neither of the other two deputies who participated in the initial altercation with Mr. Garcia, Defendants Dow and Cramblet, described in their supplemental reports having witnessed these punches.

e. The Affidavit makes no mention of Mr. Garcia being placed into a holding cell, face down on the floor, with handcuffs still on.

39. As the filing detective within the jail, Defendant Marquez initiated the prosecution of Mr. Garcia. Furthermore, in deciding to prosecute the case, the district attorney relied on the representations made by Defendant Marquez in his Affidavit.

40. In writing his Affidavit, and initiating a criminal prosecution of Mr. Garcia, Defendant Marquez made intentional and knowing misrepresentations, and/or demonstrated a reckless disregard for the truth, about what occurred on May 27, 2015. Although Detective Marquez has testified under oath that he reviewed the video surveillance as well as all the supplemental reports available to him before writing the Affidavit, his affidavit misrepresents what is clear from the video as actually occurring.

41. There was no probable cause to charge Mr. Garcia with a crime and initiate a criminal prosecution against him.

42. Mr. Garcia's case was later terminated in his favor when it was dismissed in it's entirety on February 23, 2016.

**FIRST CLAIM FOR RELIEF**
**Violation of the 14th Amendment**
**Unreasonable Use of Force**
**(Against Defendants Scott Dow, Christopher Long,**
**Cooper Cramblet, and Phil Waken)**

43. Plaintiff hereby incorporates paragraphs 1 through 42 as though fully alleged herein.

44. On May 27, 2015, Defendants Scott Dow, Christopher Long, Cooper Cramblet, and Phil Waken, while acting under color of law, intentionally, knowingly, or recklessly applied physical force to Plaintiff.

45. Defendants were acting under color of law.

46. The force used against Mr. Garcia by Defendants was unreasonable.

47. As a result of the unreasonable force used by Defendants, Plaintiff has suffered damages.

**SECOND CLAIM FOR RELIEF**
**Violation of the 14th Amendment**
**Unreasonable Use of Force**
**(Against Defendants Kyle Swing, Cynthia Hill, and**
**Robert Hannah)**

48. Plaintiff hereby incorporates paragraphs 1 through 47 as though fully alleged herein.

49. On October 29, 2015, Defendants Kyle Swing, Cynthia Hill, and Robert Hannah, while acting under color of law, intentionally, knowingly, or recklessly applied physical force to Plaintiff.

50.  The force used against Mr. Garcia by Defendants was unreasonable.

51.  As a result of the unreasonable force used by Defendants, Plaintiff has

suffered damages.

**THIRD CLAIM FOR RELIEF**
**Violation of the 4th and 14th Amendment**
**(Against Defendant Matthew Marquez)**

52.  Plaintiff hereby incorporates paragraphs 1 through 51 as though fully alleged

herein.

53.  Defendant Matthew Marquez authored an affidavit in support of the

warrantless arrest of Plaintiff as described above.

54.  Defendant Matthew Marquez made knowing and intentional misstatements

and omissions, or acted with reckless disregard for the truth, when he authored the

affidavit in support of Plaintiff's warrantless arrest.

55.  Without the misstatements and omissions of material facts, Defendant

Marquez's affidavit would not have established probable cause for the arrest of Plaintiff.

56.  Plaintiff was charged with a crime based upon the Affidavit written by

Defendant Marquez.

57.  As a result of Defendants' illegal conduct, Plaintiff has suffered damages.

**FOURTH CLAIM FOR RELIEF**
**Violation of the 4th and 14th Amendment**
**Malicious Prosecution**
**(Against Defendant Matthew Marquez)**

58.  Plaintiff hereby incorporates paragraphs 1 through 57 as though fully alleged

herein.

59. Defendant Matthew Marquez caused the prosecution of Plaintiff by making the decision to arrest Plaintiff and authoring an affidavit in support of Plaintiff's warrantless arrest.

60. The prosecution of Plaintiff initiated by Defendant Marquez was terminated in Plaintiff's favor when the case was dismissed in it's entirety.

61. No probable cause supported the original arrest and prosecution.

62. Detective Marquez acted with malice when he effectuated the arrest of Plaintiff and authored the affidavit in support of Plaintiffs warrantless arrest when he made intentional and knowing misrepresentations, or acted with a reckless disregard for the truth.

63. As a result of Defendants' illegal conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment in his behalf and against Defendants and award him the following:

(a) Compensatory damages, including, but not limited to, physical pain and injury, deprivation of privileges, retaliatory treatment, and mental and emotional harm;

(b) Nominal damages as provided by law;

(c) Punitive and/or exemplary damages;

(d) Attorney fees and costs as provided by law; and

(e) Pre- and post-judgment interest, costs and expert witness fees, and such other relief as the Court deems just a proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 3rd day of August 2016.

/s/ Luke W. McConnell
**Luke W. McConnell, #40414**
Law Office of Luke McConnell, LLC
900 Arapahoe Ave
Boulder, CO 80302
Phone: (303) 442-2043
Email: luke@lawofficelm.com

/s/ Marshall C. Breit
**Marshall C. Breit, #39705**
Mulligan Breit, LLC
1801 Broadway, Suite 1203
Denver, CO 80202
Phone: (303) 295-1500
Email: marshall@mulliganbreit.com

Attorneys for Plaintiff

Plaintiffs Address:
12101 Highway 61
Sterling, CO 80751