## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-1977-PAB-NYW

ALEXANDER GARCIA,

     Plaintiff,

v.

ADAMS COUNTY, COLORADO; a government entity;
SHERIFF MICHAEL MCINTOSH, in his official and individual capacity;
PHIL WAKEN, Adams County Sheriffs Sergeant, in his individual capacity,
CHRISTOPHER LONG, Adams County Sheriffs Deputy, in his individual capacity,
SCOTT DOW, Adams County Sheriffs Deputy, in his individual capacity,
COOPER CRAMBLET, Adams County Sheriffs Deputy, in his individual capacity,
CYNTHIA HILL, Adams County Sheriffs Deputy, in her individual capacity,
KYLE SWING, Adams County Sheriffs Deputy, in his individual capacity
MATTHEW MARQUEZ, Adams County Sheriffs Detective, in his individual capacity,
ROBERT HANNAH, Adams County Sheriffs Sergeant, in his/her individual capacity.,

     Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

     This matter is before the court on Defendants "Adams County, Colorado," Adams County Sheriff's Office, Adams County Sheriff Michael McIntosh, and Detective Matthew Marquez's (collectively, "Defendants") Motion for a Partial Stay on Discovery (the "Motion to Stay"). [#34, filed February 7, 2017]. The undersigned considers the Motion to Stay pursuant to 28 U.S.C. § 636(b)(1), the Order Referring Case dated August 5, 2016 [#6], and the Memorandum dated February 8, 2017 [#35].

**BACKGROUND**

Plaintiff Alexander Garcia ("Plaintiff" or "Mr. Garcia") originally filed this action pursuant to 42 U.S.C. § 1983 against Defendants Phil Waken, Christopher Long, Scott Dow, Cooper Cramblet, Cynthia Hill, Kyle Swing, Matthew Marquez, Robert Hannah, and John Doe (collectively, "Original Defendants") on August 3, 2016, alleging violations of his constitutional rights resulting from two incidents that occurred while Mr. Garcia was detained at Adams County Detention Facility.  [#1].  Mr. Garcia alleged that on May 27, 2015, he was subjected to unreasonable and unconstitutional use of force at the hands of Defendants Long, Dow, Cramblet, and Waken.  [*Id.* at 4–5].  Mr. Garcia further alleged that on October 29, 2015, he was assaulted by Defendants Hill, Swing, and Hannah.  [*Id.* at 5–6].  Mr. Garcia also contended that Defendant Marquez charged him with crimes associated with the events of May 27, without probable cause. [*Id.*at 6–7].

The Original Defendants answered the Complaint on September 26, 2016.   [#9]. Notably, at that time, Defendant Marquez did not move for dismissal of the claims against him. The Parties then appeared before this Magistrate Judge on October 18, 2016, for a Scheduling Conference.  [#12].   The court then entered a Scheduling Order that contemplated expert disclosures in February and March 2017; the close of discovery on May 18, 2017; and the filing of dispositive motions on June 17, 2018. [#13].   Defendant Marquez was identified as an individual to be deposed.  [*Id.* at 10].   There is no indication in either the Minutes of the Scheduling Order, the proposed Scheduling Order, or the entered Scheduling Order that Defendant Marquez was seeking to stay discovery as to him.  [#10, #12, #13].

A month later, Plaintiff changed counsel, and Plaintiff's new counsel sought a sixty-day extension to all dates set by the Scheduling Order. [#25]. By Minute Order dated December 28, 2016, this court granted in part and denied in part, extending the deadlines for thirty (30) days, bringing the total time for discovery in this matter to eight months. [#27]. The court extended the deadline for joinder of parties and amendment of pleadings to February 1, 2017; the discovery cut-off until June 19, 2017; the dispositive motions deadline to July 18, 2017; and expert disclosures from February to April 2017. [*Id.*]. A Final Pretrial Conference was set for August 24, 2017. [*Id.* at 2]. On February 1, 2017, Plaintiff filed an Unopposed Motion for Leave to File an Amended Complaint, to add additional claims against governmental entities and against Defendant McIntosh, in his individual and official capacities. [#28]. The proposed Amended Complaint added Adams County, Colorado ("Adams County") and Sheriff Michael McIntosh as defendants, added a municipal liability claim against Adams County; and added a claim for supervisory liability for failure to train against Defendant McIntosh. [#28-2]. It did not, however, make any amendments to the claims against Defendant Marquez. [*Id.*]. The Original Defendants did not object to the amendment, but the Unopposed Motion for Leave to File an Amended Complaint indicated that Defendants intended to file motions to dismiss certain claims. [*Id.*at 1].

The court granted the Unopposed Motion for Leave to File an Amended Complaint, and the Amended Complaint was accepted for filing on February 3, 2017. [#31]. On February 7, 2017, Defendants moved to dismiss Plaintiffs Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [#32]. These same Defendants now argue for a stay of discovery pending the court's resolution of their pending motion to dismiss. [#34]. Specifically,

Defendants contend that all relevant factors weigh in favor of granting a stay, and Defendants McIntosh and Marquez are entitled to a stay because each raises the defense of qualified immunity in the pending motion to dismiss. [*Id.* at 5–6, 8]. In response, Plaintiff avers that, contrary to these Defendants' assertions, the relevant factors do not weigh in favor of a stay, as staying the proceedings as to Defendants until the court rules on the pending motion to dismiss would unduly prejudice Plaintiff, and that allowing discovery to proceed would not unduly burden Defendants and would serve the interests of the court and the public. *See* [#37 at 3–6]. Moreover, Plaintiff argues that Defendant McIntosh and Marquez's qualified immunity defenses do not entitle Defendants to an automatic stay of discovery. [*Id.* at 6].

Defendants filed a reply on March 6, 2017. [#39]. Defendants contend that Plaintiff fails to identify any prejudice resulting from a partial stay of discovery, as discovery will proceed as to the seven (7) remaining individual Defendants. [*Id.* at 2]. Further, neither Defendant McIntosh nor Marquez were present at the alleged incidents that resulted in injuries to Plaintiff; thus, "discovery can proceed as to the fundamental basis of Plaintiff's claims with discovery as to the seven other individual defendants." [*Id.*]. Lastly, Defendants argue that a stay is appropriate because the doctrine of qualified immunity shelters Defendants McIntosh and Marquez from the burdens of discovery, and because the court's disposition of the pending motion to dismiss will narrow Plaintiff's claims and limit the scope of discovery as to Defendants Adams County, Adams County Sheriff's Office, McIntosh, and Marquez, conserving judicial resources. [*Id.* at 7].

## LEGAL STANDARD

When ruling on a motion to stay, courts weigh the following factors:  (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). This court recognizes that "[q]uestions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) (citations omitted) (finding that the *String Cheese* factors favored a stay of discovery pending resolution of the defendants' motion to dismiss on qualified immunity grounds); *accord Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (holding that it was not an abuse of the district court's discretion to stay discovery until the court properly ruled on the threshold question of immunity). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal quotations and citation omitted). However, the invocation of qualified immunity does not automatically lead to a stay.  *See Rome v. Romero*, 225 F.R.D 640 (D. Colo. 2004); *Sanchez v. Hartley*, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016).  *But see Tenorio v. Pitzer,* No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013).  Otherwise, the mere assertion of qualified immunity – which is solely within the power of Defendants – would lead to the postponement of discovery, whether or not the defense was appropriately raised on a motion to

5

dismiss. *See Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (observing that summary judgment is generally the vehicle by which defendants raise qualified immunity, and that asserting qualified immunity through a motion to dismiss subjects defendants to a more challenging standard of review than would apply on summary judgment); *Torres v. White*, No. 08CV196JHPFHM, 2009 WL 37617, at *3 (N.D. Okla. Jan. 6, 2009) (denying a motion to dismiss based on qualified immunity as premature).  With these principles in mind, this court turns to applying the *String Cheese* factors to the particular circumstances of the case at hand.

## ANALYSIS

First, the court considers the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff because of a delay.  This action was originally filed on August 3, 2016, based on incidents occurring in May and October of 2015.  [#1].  Based on the current schedule, this case will not reach a Final Pretrial Conference until August 2017 – two years after the incidents in question and one year after the filing of the original Complaint.  [#27].  While Plaintiff certainly has an interest in expediting this case, it is Plaintiff, not Defendants, who have sought the only extensions in this matter.  Accordingly, this court finds that this first factor is neutral as to whether a stay should be granted.

Second, the court weighs the burden on the defendants, which is where the thrust of Defendants' arguments lie.  It is undisputed that discovery will continue to proceed as to the alleged perpetrators, *i.e.*, Defendants Waken, Long, Dow, Cramblet, Hill, Swing, and Hannah.  [#34 at 2].  Defendant Marquez has been a named party since the inception of this action, and the claim asserted against him remains the same.  *Compare* [#1] *with* [#31].  He did not originally move for dismissal based on qualified immunity, but rather, answered the original Complaint.

[#9].  The original Scheduling Order contemplated Defendant Marquez' deposition.  [#13].  In light of all of these factors, it is difficult for this court to conclude that Defendant Marquez is now burdened with discovery that has been contemplated all along.

With respect to Defendants Adams County and McIntosh, the claims against these Defendants were newly added with the Amended Complaint, and raise a different theory of liability, namely, that § 1983 liability should lie against them based on a failure to properly hire and/or train.  [#31].  These claims were not included in the original Complaint or contemplated in the Scheduling Order.  [#1, #13].  Defendant McIntosh argues that he is entitled to qualified immunity, because "Plaintiff has identified no conduct that violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  [#32 at 13].  Defendants recognize that Adams County is not entitled to assert a qualified immunity defense, and, therefore, "[is not entitled to a stay of discovery on the claims against [it]" based on such a defense.  *Rome*, 225 F.R.D. at 644.  Similarly, Plaintiff's official capacity claim against Defendant McIntosh is essentially a claim against an entity, and not subject to the defense of qualified immunity.  *Id.*  However, this court may consider whether discovery should be stayed as to Defendant McIntosh, in his official capacity, and Defendant Adams County on other grounds.  *See Lane v. Yohn*, No. 12-CV-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012) (granting a temporary stay of discovery as to the municipality defendant on the basis that the *String Cheese* factors weighed in favor of a stay, and to avoid duplicitous scheduling and discovery).

This court finds that there is additional burden to Defendants Adams County and McIntosh to allow discovery to go forward on the claims asserted against them while a motion to

dismiss is pending.  These claims necessarily implicate discovery of information beyond the May and October 2015 occurrences, and may implicate discovery of information about events and individuals not otherwise implicated by this action.  [#34 at 6–7].  Defendants' pending motion to dismiss seeks dismissal of all of Plaintiff's claims against them; thus, discovery, even as to Defendants Adams County and McIntosh, in his official capacity, may be entirely superfluous if the pending motion to dismiss is granted.  *See Lane*, 2012 WL 4928216, at *3; *accord Benton v. Town of South Fork*, No. 12-ccv-00336-CMA-KMT, 2012 WL 4097715, at *5-6 (D. Colo. 2012) (finding that *String Cheese* factor two weighed in favor of the defendants, even those not asserting qualified immunity, to avoid prejudice of piecemeal discovery when the conduct at issue involved the same general behavior among all defendants).  This factor weighs in favor of a stay as to Defendants Adams County and McIntosh.

The remaining three factors, *i.e.,* the convenience to the court; the interests of persons not parties to the civil litigation; and the public interest, are all neutral.  While this court has an interest in avoiding piecemeal discovery, discovery regarding general issues of training, hiring, supervision, and discipline are easily segregated from discovery related to the particular incidents occurring in May and October 2015 and the participating individual Defendants.  To the extent that the presiding judge, the Honorable Philip A. Brimmer, resolves the motion to dismiss prior to the expiration of fact discovery, Plaintiff may immediately seek a status conference to set additional deadlines for discovery.  And while there is always a public interest in resolving issues related to alleged misconduct by law enforcement officers, this case does not, at this juncture, present more particularized reasons that third parties or the public demands discovery to proceed on the claims against Adams County or Defendant McIntosh, in his

individual or official capacities.  Indeed, resolution of the motion to dismiss will clarify and streamline the claims and the proper defendants for more precise and productive discovery—conserving judicial resources and furthering the public's interest in judicial economy.[1]  *See Benton*, 2012 WL 4097715, at *6.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendants "Adams County, Colorado," Adams County Sheriff's Office, Adam County Sheriff Michael McIntosh, and Detective Matthew Marquez's Motion for a Partial Stay on Discovery [#34] is **GRANTED IN PART and DENIED IN PART**;

(2)     Discovery in this matter as to Plaintiff's claims against Defendants Adams County, Adams County Sheriff's Office and McIntosh is **STAYED** pending the resolution of their pending motion to dismiss [#32];

(3)     All other discovery in this matter, including as to Plaintiff's claims against Defendant Marquez, **MAY PROCEED**; and

(4)     Within three (3) business days of the disposition of the pending Motion to Dismiss, to the extent any claims against Defendant Adams County, Colorado, the Adams County Sheriff's Office or McIntosh survive, the Parties will **CONTACT** the chambers of Magistrate Judge Wang to schedule a status conference to discuss further discovery.


DATED:  March 8, 2017                          BY THE COURT:


                                               s/ Nina Y. Wang
                                               United States Magistrate Judge

---

[1] Nevertheless, to the extent that the pending Motion to Dismiss is denied in whole or in part, Defendants should anticipate an expedited discovery schedule with respect to the surviving claims.  Extensions of time, particularly based on the press of business of either Defendants or Defendants' counsel, to any deadlines set for further discovery after the disposition of the Motion to Dismiss will not be well-taken.