IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01977-PAB-NYW

ALEXANDER GARCIA,

    Plaintiff,

v.

PHIL WAKEN, Adams County Sheriffs Sergeant, in his individual capacity,
CHRISTOPHER LONG, Adams County Sheriffs Deputy, in his individual capacity,
SCOTT DOW, Adams County Sheriffs Deputy, in his individual capacity,
COOPER CRAMBLET, Adams County Sheriffs Deputy, in his individual capacity,
CYNTHIA HILL, Adams County Sheriffs Deputy, in her individual capacity,
KYLE SWING, Adams County Sheriffs Deputy, in his individual capacity
MATTHEW MARQUEZ, Adams County Sheriffs Detective, in his individual capacity,
and
ROBERT HANNAH, Adams County Sheriffs Sergeant, in his/her individual capacity,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Not Consent to Magistrate [Docket No. 75], Objection to Magistrate's Order on Plaintiff's Motion Pursuant to C.R.C.P. 60 and Addendum; Reconsideration per 28 U.S.C. § 636 [Docket No. 76], the Recommendation of United States Magistrate Judge Nina Y. Wang [Docket No. 78], plaintiff's Motion to Re[-]Open Case [Docket No. 80], and Motion to Object to refer case to Magistrate [sic] [Docket No. 82].

**I. BACKGROUND**

This suit arises from the alleged unreasonable use of force against and malicious prosecution of plaintiff by employees of the Adams County Sheriff's Office. Docket No.

31.  Plaintiff initiated this lawsuit on August 3, 2016 through counsel.  Docket No. 1.  On October 23, 2017, plaintiff, again through counsel, and defendants filed a joint Stipulation for Dismissal with Prejudice dismissing all claims in the case with prejudice.  Docket No. 54.  The case was terminated the same day.  Docket No. 55.

On December 12, 2018, plaintiff filed three pro se motions indicating, *inter alia*, that he desired to bring professional misconduct claims against his attorneys and sought appointment of new counsel.  See Docket Nos. 56, 57, 58.  Magistrate Judge Wang denied plaintiff's motions, instructing plaintiff that, "because this civil action has been terminated, [Judge Wang] finds no basis for providing the requested relief."  Docket No. 60 at 1.  Judge Wang also instructed plaintiff that, insofar as he sought to file misconduct claims against his attorneys and proceed *in forma pauperis*, "he must do so in a separate civil action subject to the Prison Litigation Reform Act and the restrictions imposed by 28 U.S.C. § 1915."  *Id.* at 2.

On January 4, 2019, plaintiff filed a motion with the Court seeking electronic copies of all documents filed in this case.  *See* Docket No. 62.  Judge Wang denied plaintiff's motion, stating that "to the extent Plaintiff is attempting to bring attorney grievances against his counsel of record or a separate suit regarding his access to a law library, he may do so in a separately filed action."  Docket No. 64 at 2.  Judge Wang also informed plaintiff that, because he was still represented by counsel, he could not file pro se motions.  *Id.*

On June 4, 2021, plaintiff filed an "Entry of Appearance and Notice of Termination," purporting to enter as counsel of record and "notify[ing]" the Court that his "previous attorneys['] representation has been fulfilled and terminated."  Docket No. 66

at 1.  Plaintiff also filed a document titled "Addendum to plaintiffs [sic] Motion to Amend Judgment pursuant to C.R.C.P. Rule 60; Motion to Collect attorney fees on Prejudgement [sic] pursuant to Title 42 § 1988 and other damages and Request [for] Judicial Review and[/]or Assignment of Special Masters FRCP 53, 53, 58," Docket No. 67, which the Court referred to the magistrate judge.  Docket No. 68.  Judge Wang denied the motion and informed plaintiff that (1) there was no live action in which plaintiff could file a motion; (2) insofar as plaintiff sought to terminate his counsel, such a request must be directed to his counsel of record, and counsel must move to withdraw from this case; and (3) if plaintiff sought to bring attorney grievances against his counsel, he may only do so in a separately filed action.[1]  Docket No. 69 at 1-2.

On July 13, 2021, plaintiff filed a Motion to Not Consent to Magistrate, arguing that because he has not consented to the jurisdiction of Judge Wang, his motions should be heard by an Article III judge.  *See* Docket No. 75.  Additionally, plaintiff filed an objection to Judge Wang's order denying plaintiff's previous motion.  *See* Docket No. 76.  Plaintiff contends that the matter against defendants is not concluded because "in order for a judgment to be final, pre-judgment interest must be included, or terms of an agreement must be reduced to a sum."  *Id.* at 1.  Also on July 13, 2021, Judge Wang issued an order to show cause why the Court should not recommend that plaintiff be precluded from making additional filings in this case given that he has "continually ignored this court's directives and continues to file groundless, repetitive motions which

---

[1] Judge Wang also noted that, though plaintiff's filing was titled as an addendum to a Rule 60 motion, no underlying Rule 60 motion had been filed.  *See* Docket No. 69 at 1 n.1.

3

require the court to expend its limited judicial resources repeating its prior directives to Plaintiff."[2]  Docket No. 73 at 3.  Plaintiff responded to the order to show cause but, on August 3, 2021, Judge Wang recommended that plaintiff be precluded from filing additional papers in the case unless and until the presiding judge re-opens the case. Docket No. 78 at 1.  On August 23, 2021, the Court docketed an objection to the magistrate judge's recommendation.  Docket No. 81.  Also on August 23, 2021, the Court docketed two additional motions from plaintiff – a motion to reopen the case, Docket No. 80, and a motion objecting to the Court's referral of matters to the magistrate judge.  Docket No. 82.

## II. LEGAL STANDARD

A magistrate judge's order on a non-dispositive motion can be modified or set aside by the district judge if found to be clearly erroneous or contrary to law.  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995).  Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

However, for recommendations, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus

---

[2] Judge Wang also struck plaintiff's Motion Demand for Judgment Pursuant to Rule 54(c)(h) and D.C. Colo. L. Civ. R. 55.1, Docket No. 70, and Motion for Relief from Judgment Pursuant to Rule 60, Docket No. 71, due to plaintiff's failure to follow the Court's directives.  Docket No. 73 at 1.

attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

The Court reviews plaintiff's objections to Judge Wang's orders and recommendations under the respective standards of review.

## III. ANALYSIS

### A. Motion to Not Consent to Magistrate [Docket No. 75]

Plaintiff argues that "any and all decisions given by a magistrate [judge]" should be "reviewed, reconsidered, [or] otherwise held in compliance with the Constitution" because plaintiff has not consented to a magistrate judge to proceed in his action. Docket No. 75 at 1.

Title 28 U.S.C. § 636(b)(1) permits a judge to refer matters to magistrate judges and for a party to file written objections within fourteen days. If a court refers one of eight designated motions, then the court must conduct de novo review of the magistrate judge's recommendations. *Id.* § 636(b)(1)(B)-(C). However, for all other matters, the court will determine if the magistrate judge's order is clearly erroneous or contrary to law. *Id.* § 636(b)(1)(A).

Plaintiff need not consent to the Court referring these matters to the magistrate judge, but may, if he disagrees with the resulting recommendation or order, file a written objection within fourteen days which the Court will consider under the appropriate standard of review. Accordingly, the Court will deny plaintiff's motion to not consent to the magistrate judge.[3]

---

[3] Plaintiff's Motion to Object to refer case to Magistrate, Docket No. 82, asks the Court to "observe plaintiff's [n]on-consent to magistrate presiding over this action and refer case to District Court Judge." *Id.* Plaintiff cites *Farris v. Martin*, 2019 U.S. Dist. LEXIS

5

### B.  Objection to Denial of Motion to Amend Judgment [Docket No. 76]

Plaintiff objects to Judge Wang's denial of his "Addendum to plaintiffs [sic] Motion to Amend Judgment Pursuant to C.R.C.P. Rule 60, Motion to Collect attorney fees on Prejudgment pursuant to Title 42 § 1988 and other damages and Request [for] Judicial Review and[/]or Assignment of Special Masters FRCP 53, 54, 58 [sic]." *See* Docket No. 76.  Judge Wang denied the motion because, since the Court terminated plaintiff's lawsuit against defendants on October 23, 2017 pursuant to a stipulation of dismissal, this case is closed.  Docket No. 69 at 1.  Judge Wang additionally noted that, to the extent plaintiff seeks to dismiss his counsel, such a request must be directed at his counsel of record.  *Id.* at 2.

In his objection, plaintiff argues that the Court should amend its judgment to provide for prejudgment interest pursuant to Colo. Rev. Stat. § 13-21-101.  Docket No. 76.  Specifically, plaintiff argues that he is "not challenging anything in the settlement agreement but as C.R.S. 13-21-101 all a statutory right to claim the interest owed [sic]."  *Id.* at 3.  In the underlying motion, plaintiff argued that his attorneys settled this lawsuit against his will and, as a result, judgment should be amended under Colo. R. Civ. P. 60 to award him pre-judgment interest.  Docket No. 67 at 3.  Citing Colo. R. Civ. P. 60(b)(2), plaintiff argued the Court may relieve him of final judgment due to fraud.  *Id.* at 6.

---

156726 (W.D. Okla. Sept. 13, 2019), which considers when 28 U.S.C. § 455 requires recusal of a judge.  Because the Court has considered plaintiff's "[n]on-consent to magistrate presiding over this action" and the case cited by plaintiff is inapposite, the Court will deny plaintiff's Motion to Object to refer case to Magistrate, Docket No. 82.

"[A]n unconditional dismissal [by stipulation of the parties] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (quoiting *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989)).  Therefore, the Court has jurisdiction to consider a motion to set aside the stipulation of dismissal, and considers plaintiff's motion to be one.  *Id.* at 1243.  Fed. R. Civ. P. 60 states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) an other reason that justifies relief.
> (c) Timing and Effect of the Motion.
> (1) Timing.  A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60.

Plaintiff's objection seeks to amend the judgment but does not meet any of the criteria under Rule 60.  Most importantly, plaintiff's motion is filed well over a year after the entry of the stipulation of dismissal, making it untimely under Rule 60(c)(1). Accordingly, the Court overrules plaintiff's objection, Docket No. 76, to the magistrate judge's order denying his motion contained in Docket No. 67.

### C.  August 3, 2021 Recommendation [Docket No. 78]

After the magistrate judge entered the order denying Docket No. 67, plaintiff continued to file more motions.  *See* Docket Nos. 70, 71.  On July 13, 2021, Judge Wang issued an order to show cause why she should not recommend that plaintiff be precluded from making additional filings in this case.  Docket No. 73 at 1.  Plaintiff responded, Docket No. 77, but the magistrate judge nevertheless found that imposing filing restrictions was warranted.  *See generally* Docket No. 78.  The magistrate judge recommends that plaintiff be precluded from filing additional papers in this case "unless and until the presiding judge re-opens this case."  Docket No. 78 at 1.  Judge Wang details the numerous motions that plaintiff has filed and why they have either been denied or stricken as frivolous.  *Id.* at 1-3.  Plaintiff objects to this recommendation.  Docket No. 81.

Because "the right of access to the courts is neither absolute nor unconditional," federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989).  Filing restrictions are proper where (1) a "litigant's abusive and lengthy history is properly set forth," (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted."  *Id*. at 353-54; *United States v. Coleman*, 707 F. App'x 563 (10th Cir. 2017) (unpublished).

Plaintiff makes the following objections: (1) plaintiff has requested that his attorneys withdraw from the case but they have refused to; (2) none of the motions were

8

filed in bad faith; (3) the magistrate judge does not have jurisdiction; (4) the Court had inherent power to decide ineffective assistance of counsel violations; (5) Judge Wang's August 3, 2021 recommendation was the first time plaintiff learned of the Court's ability to re-open cases; (6) plaintiff is a layman; (7) plaintiff has the right to proceed pro se; (8) Judge Wang is biased against plaintiff; and (9) plaintiff is entitled to interest under Colo. Rev. Stat. § 13-21-101.  Docket No. 81 at 1-3.

Plaintiff's objections fail because they do not acknowledge or refute the basis for the magistrate judge's recommendation: plaintiff's motion to amend the judgment is meritless because he voluntarily settled the lawsuit, any Rule 60 motion is untimely, and plaintiff cannot bring an ineffective assistance of counsel claim in this lawsuit.

However, the Court will nonetheless consider plaintiff's individual objections.  As noted above, the magistrate judge has jurisdiction to consider motions referred to her by the presiding Article III judge, who will then consider any objections to orders or recommendations entered by the magistrate judge.  Plaintiff's bare assertion that his motions were not filed in bad faith does not negate the magistrate judge's lengthy explanation of plaintiff's failure to heed the Court's directives.  *See, e.g.*, Docket No. 73 at 1-3; Docket No. 78 at 2-3.  Additionally, plaintiff provides no basis to conclude that Judge Wang is biased against him; Judge Wang has informed plaintiff of the local rules regarding filings by represented parties, and her refusal to enter an order dismissing plaintiff's counsel when plaintiff has presented no authority for her to do so does not represent bias.

The magistrate judge acknowledges plaintiff's argument that he has asked his attorneys to withdraw but they have not done so, but nevertheless details why plaintiff

9

cannot file pro se motions. *See* Docket No. 78 at 4-5. Additionally, the fact that plaintiff was unaware that he could file a motion to re-open the case until Judge Wang's August 3, 2021 recommendation is immaterial.

Plaintiff has provided no basis to reject the magistrate judge's conclusion that he cannot seek relief against his counsel in this action, besides invoking the Court's "inherent authority." Judge Wang has noted that plaintiff could file a separate malpractice action.

The magistrate judge sets forth plaintiff's "abusive and lengthy history," plaintiff was given an opportunity to respond to the magistrate judge's order to show cause and object to the recommendation, and the recommended filing restriction is limited to this action and precludes plaintiff from filing additional papers unless the case is re-opened. *See Tripati*, 878 F.2d at 352-53. The Court will additionally tailor the recommended filing restriction to prohibit plaintiff only from filing papers in this case pro se. Otherwise, the Court finds that the filing restrictions are proper and will accept the magistrate judge's recommendation as amended.

### D. Plaintiff's Motion to Reopen Case [Docket No. 80]

On August 23, 2021, plaintiff filed a motion asking the Court to reopen this case. Docket No. 80. The motion states that Judge Wang recommended that the case be re-opened so as to address plaintiff's "pre-judgment interest and Ineffective Assistance of Counsel [sic] as prescribed by C.R.C.P. 60 and amend judgment of October 23, 2017." *Id.* Plaintiff is incorrect. Judge Wang has repeatedly informed plaintiff that he needs to address these issues in a separate proceeding. *See, e.g.*, Docket No. 78 at 2. Plaintiff

gives no grounds to reopen the case besides this false assertion, and the Court accordingly will deny the motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Not Consent to Magistrate [Docket No. 75] is **DENIED**.

**ORDERED** that Plaintiff's Objection to Magistrate Judge's Order [Docket No. 76] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge Nina Y. Wang [Docket No. 78] is **ACCEPTED**. It is further

**ORDERED** that plaintiff is prohibited from filing any papers in this case unless such papers are filed by a licensed attorney admitted to practice in the District of Colorado who is representing plaintiff. It is further

**ORDERED** that plaintiff's Motion to Re[-]Open Case [Docket No. 80] is **DENIED**. It is further

**ORDERED** that plaintiff's Objection to Recommendation of United States Magistrate Judge Nina Y. Wang Received August 9, 2021 For Review by District Court [Docket No. 81] is **OVERRULED**. It is further

**ORDERED** that plaintiff's Motion to Object to refer case to Magistrate [Docket No. 82] is **DENIED**.

DATED March 31, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge